### SCOTT versus RIVERS.

Where a party, to whom a deed has been executed, resides without the State, such circumstance will be sufficient, under the statute, to authorise a copy of the deed duly authenticated, to be received in evidence.

An offset, against a plaintiff's demand, in an action by him, to be available, and to authorise a balance in favor of defendant; must appear to be of matters mutually subsisting between the parties.

Assumpsit, in the County Court of Monroe, by Scott against Rivers, to recover the amount of a promissory note.    The circumstances of the case appear fully in the opinion of the Court.

SAFFOLD, J.—The action was assumpsit on a promissory note, drawn by Rivers in favor of Scott, for

$1000, the suit having been brought by the present plaintiff against the defendant, in the County Court of Monroe. The pleas were the general issue, payment and set-off. The material facts, as shewn by a bill of exceptions, taken on the trial, appear to have been, that in 1824, Thomas Scott, brother of the plaintiff, (both of whom being residents of North Carolina,) presented the note sued on, and two others of the same amount, and one of about $500, between the same parties, to the defendant, in this State, claiming them as his own property, and required security for the payment thereof. Pursuant to an arrangement between them, the defendant executed a deed to T. Scott, for a house and lot in Cahawba, estimated by them at $2000, which was to be applied in part payment of said notes, but there was a collateral verbal agreement, expressed between them at the time, that Scott should sell the house and lot within two years, if as much as $2000 or more, could be had for them, and in that event, the overplus, if any, should be applied as a farther payment on said notes. Scott constituted Steel, (a witness in the case,) his attorney in fact, to make sale of the property, and apply the proceeds according to agreement; delivered all the notes to him, but retained the deed in his own possession. More than twelve months afterwards, Steel saw plaintiff and T. Scott in North Carolina, the former made no mention of either the notes or deed to him, but the latter conversed with him on the subject, and said he had assigned the deed to a Mr. Haywood. Steel, plaintiff, defendant, and T. Scott, are related to each other. It also appeared the defendant had rented the house after the execution of the conveyance.

The defendant's counsel offered in evidence a duly authenticated copy of the deed, to ascertain the time at which the $2000 had been paid : on objection being made to which, the Court permitted it to go as evidence to the jury ; and instructed them it was admitted for the sole purpose of enabling them, should they allow the set-off, to ascertain from it up to what time to calculate interest.

On this state of facts the Court further instructed the jury, that if they believed T. Scott was the agent of the plaintiff ; or that the note sued on was his property, they must allow the defendant the $2000 agreed to be paid for the house and lot ; and that possession of the note by T. Scott, was evidence sufficient for the jury to infer that he was either the owner of the notes, or agent of the plaintiff, unless there was evidence from which they could infer that the notes were fraudulently, or improperly obtained from the plaintiff. Other exceptions were taken to the opinion of the Court below, but which will be sufficiently embraced by the remarks to be made on these already stated. The jury found for the defendant, and certified a balance in his favor of $960.

In the above opinions and instructions to the jury, the Court is charged to have erred.

The questions arising are, 1st. Was the copy of the deed admissible as evidence for the purpose for which it was received, or otherwise. 2d. Were the instructions to the jury correct, that the unexplained possession of the notes by T. Scott, was evidence sufficient for them to infer either that he was owner of the notes, or agent of the plaintiff ; and, that if he were either, the jury might allow the defendant the $2000, agreed to be paid for the house and lot.

With respect to the deed, it is sufficient to observe, that as T. Scott was the grantee, as he received the deed, then resided in Carolina, and must be presumed to have remained beyond the jurisdiction of the Court in which the trial was had, this is believed to be a case within the spirit and intent of the statute, "that if the original deed or conveyance, be lost or mislaid, or be destroyed by time or accident, and not in the parties power to produce," then a duly certified copy shall be received as evidence in lieu of the original. Hence it is conceived that there was no error in admitting the copy as evidence, either for the specific purpose, or any other legitimate object.

But on the second point there appears to be more difficulty. Admitting that the possession of the notes by T. Scott, accompanied, by his claim of ownership, was *prima facie* evidence of the fact, this was a legal presumption rebutting the idea of his being the agent of C. W. Scott, the plaintiff, and payee of the notes; consequently it was not a circumstance from which the jury were authorised to infer that he was either the one or the other, but that he was the owner merely. Then if the contract between the defendant and T. Scott, was made by the latter in his own right; and thereby he became indebted to the former, or made payment on the notes to him, to the amount of two thousand dollars, or other sum, the balance, after satisfying the note sued on, could not be treated as a debt or set-off against C. W. Scott, the plaintiff, who must be regarded as a distinct person.

Whether, according to the terms, and true intent, of the contract respecting the house and lot, the sum of two thousand dollars had not been paid on the several notes; and whether the defendant would not

have been entitled to a discount to the same amount, in any future suit or suits, that were or could have been brought against him on the same notes, by either T. Scott, C. W. Scott the payee, or any subsequent holder, or assignee, are questions essentially different from the one presented. If such was the spirit of the contract with T. Scott, when he was the legal holder of the notes, though they were drawn payable to C. W. Scott, or order, and had not been endorsed, we think the defendant would have been entitled to the benefit of such defence as payment; and if seperate suits were brought on the notes, by making this proof to the satisfaction of the jury, he ought to have been allowed to defeat the recovery in one, and to reduce the amount on another, as far as the balance of the payment would go. But, in the instruction that the defendant in a suit by C. W. Scott, on a note for one thousand dollars, could be allowed the benefit of the payment to the other Scott, to a much larger amount; which could only be done by finding a balance against the plaintiff, as in case of set-off, the Court is believed to have erred. To authorise a set-off, and a balance against a plaintiff, the debts or demands must be mutual and subsisting between the same parties, which in this case could not have been inferred.

*Judgment reversed and remanded.*